NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30329 |
| Plaintiff - Appellee, | D.C. No. 3:05-cr-00068-RRB |
| v. | |
| IAN JUDD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Ian Judd appeals pro se from the district court's order denying his motion requesting the return of property seized by the United States government. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Judd contends that he is entitled to the return of $11,030 that was forfeited as

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

part of an administrative forfeiture in July 2005. We review de novo the district court's interpretation of federal forfeiture law and its findings of fact for clear error. *See United States v. Alcaraz-Garcia*, 79 F.3d 769, 772 (9th Cir. 1996). The district court properly determined that Judd's motion for the return of property seized for forfeiture was barred by the statute of limitations because he did not file the motion within five years of the date of final publication of notice of seizure. *See* 18 U.S.C. § 983(e)(1), (3) (providing that "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture," but "not later than 5 years after the date of final publication of notice of seizure of the property").

**AFFIRMED.**